1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEILA MARIE MCCOY,                        No.  2:23-cv-881-KJN

12                    Plaintiff,

13          v.

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                      Defendant.
16
      _____
17    LEILA MARIE MCCOY,                        No.  2:23-cv-882-KJN

18                    Plaintiff,

19          v.                                  FINDINGS AND RECOMMENDATIONS TO
                                                DISMISS FOR FAILURE TO PROSECUTE
20    COMMISSIONER OF SOCIAL
      SECURITY,
21
                      Defendant.
22    _____

23          Plaintiff, who proceeds in this action without counsel, filed her complaints in May of 2023

24    and requested leave to proceed without the prepayment of the filing fee.  (ECF Nos. 1 and 2 in the

25    -881 and -882 cases.)  Plaintiff's requests were granted, and in July of 2023 the undersigned

26    related the two cases.  (ECF Nos. 10.)  However, an examination of the docket indicates all

27    correspondence with plaintiff has been returned to the court as undeliverable.  To date, plaintiff

28    has not updated her address, despite multiple attempts to correspond with her.

                                                1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Legal Standard**

It is plaintiff's duty to keep the court informed of her current address.  Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."  Further, Local Rule 183(b) provides: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th

1  Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets

2  and may impose sanctions including dismissal or default).

3     A court must weigh five factors in determining whether to dismiss a case for failure to

4  prosecute, failure to comply with a court order, or failure to comply with a district court's local

5  rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

6
7
8
> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

9  Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

10     **Analysis**

11     Here, the first two factors weigh in favor of dismissal, because this case has already been

12  delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third

13  factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an

14  opportunity to prepare their defense.

15     Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal,

16  because the court has already attempted less drastic alternatives.  Specifically, the court granted

17  plaintiff leave to proceed without prepayment of the filing fee, but this correspondence was

18  returned as undeliverable.  Plaintiff was provided multiple opportunities to update her address,

19  but all correspondence since the filing of the complaint has come back as undeliverable, and

20  plaintiff never informed the court of any change of address.  See L.R. 182(f) (imposing a duty on

21  parties to notify the court and parties of any change of address); Carey v. King, 856 F.2d 1439,

22  1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court

23  apprised of any changes in [the party's] mailing address.").  Plaintiff remains incommunicado

24  since filing of the complaint, leaving the court with little alternative but to recommend dismissal.

25  See Carey, 856 F.2d at 1440-41 (affirming dismissal for failure to comply with local rule

26  requiring pro se plaintiffs to keep court apprised of address; noting that, without a current address,

27  district court could not threaten litigant with lesser sanctions when such order of sanctions or to

28  show cause "would only find itself taking a round trip tour through the United States mail").

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other <u>Ferdik</u> factors.  Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the <u>Ferdik</u> factors, the court concludes that dismissal is appropriate.

## **ORDER and RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to these actions.

Further, IT IS HEREBY RECOMMENDED that:

1.    The actions be dismissed pursuant to Federal Rule of Civil Procedure 41(b); and

2.    The Clerk of Court be directed to close these cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 19, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcco.881 and 882

4